IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,        )     CR. NO. 11-00506 LEK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
FOUINA C. TOILOLO,        (01) )
DELANOR FOLA             (15) )
DARRYL CORNIEL           (16) )
OSVALDO DOMINGUEZ,       (17) )
                                 )
          Defendants.            )
_____  )
```

**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S
MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF
EVIDENCE 404(B), AND GRANTING IN PART AND DENYING IN PART
DEFENDANT OSVALDO DOMINGUEZ'S MOTION TO EXCLUDE
GOVERNMENT'S PROPOSED 404(B) EVIDENCE OF DEFENDANT
OSVALDO DOMINGUEZ'S PRIOR CONVICTIONS PURSUANT TO RULE 403**

Before the Court is Plaintiff the United States of

America's ("the Government") Motion in Limine to Admit Evidence

Pursuant to Federal Rule of Evidence 404(b) ("Government

Motion"), filed on January 14, 2015.  [Dkt. no. 1492.]

Defendants Fouina C. Toilolo ("Toilolo") and Delanor Fola

("Fola") filed their respective responses to the Government's

Motion on January 16, 2015 and January 21, 2015.  [Dkt. nos.

1496, 1508.]  Instead of filing a response, Defendant

Osvaldo Dominguez ("Dominguez") filed his Motion to Exclude

Government's Proposed 404(b) Evidence of Defendant

Osvaldo Dominguez's Prior Convictions Pursuant to Rule 403

("Dominguez Motion") on January 22, 2015.  [Dkt. no. 1518.]

These matters came on for hearing on January 23, 2015.[1]

After careful consideration of the motions, supporting and

opposing memoranda, and the arguments of counsel, the Government

Motion and the Dominguez Motion are HEREBY GRANTED IN PART AND

DENIED IN PART, for the reasons set forth below.

**BACKGROUND**

The parties and this Court are familiar with the

factual and procedural background of this case, and this Court

will only discuss the events that are relevant to the motions

currently before this Court.

On April 10, 2014, the Government filed the Fourth

Superseding Indictment against Toilolo, Fola, Dominguez, and

Defendants Darryl Corniel and Shane Jackson.[2]  [Dkt. no. 1198.]

All of the Remaining Defendants are named in Count 1 of the

Fourth Superseding Indictment, which alleges a conspiracy to

distribute, and to possess with intent to distribute, fifty grams

or more of methamphetamine, its salts, isomers, and salts of its

isomers, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and

846.  [Id. at 2-5.]  Corniel and Dominguez are also named in

---

[1] Although the hearing was only scheduled for the Government
Motion, because Dominguez filed his motion in lieu of a
memorandum in opposition to the Government Motion, this Court
also heard argument on the Dominguez Motion.

[2] Shane Jackson recently completed a change of plea and is
no longer proceeding to trial.  See Minutes, filed 1/28/15 (dkt.
no. 1567).  The Court will refer to Toilolo, Corniel, Fola, and
Dominguez as "the Remaining Defendants."

Count 5, which alleges possession with intent to distribute

approximately 174 pounds of methamphetamine, its salts, isomers,

and salts of its isomers, in violation of § 841(a)(1) and

(b)(1)(A), and 18 U.S.C. § 2.  [Id. at 6.]  The trial of the

Remaining Defendants is scheduled to begin on February 10, 2015.

The Government Motion asks this Court to rule that the

following evidence is admissible at trial: Toilolo's

September 16, 2002 conviction in this district court, CR 00-00484

DAE, of conspiracy to possess, with intent to distribute, more

than fifty grams of methamphetamine; Fola's February 10, 1998

conviction in this district court, CR 97-00302 ACK, of conspiracy

to possess, with intent to distribute, methamphetamine; and

Dominguez's April 18, 2008 conviction in the Superior Court of

California, Orange County, Case No. B07NF3051, of sale or

transportation of marijuana and possession of marijuana for sale.

The Government contends that these prior convictions are

admissible pursuant to Fed. R. Evid. 404(b) as evidence of

"intent or knowledge concerning drug trafficking, and absence of

mistake or accident."  [Gov't Motion at 5.]

### STANDARD

This Court applies the following standards in

determining the admissibility of prior acts evidence:

> Evidence of a defendant's prior conviction,
> wrong, or other act is inadmissible to prove the
> defendant's bad character or propensity to commit
> the charged offenses.  United States v. Vo, 413

3

F.3d 1010, 1017 (9th Cir. 2005).  However,
evidence of a prior act is admissible for
nonpropensity purposes, "such as proving motive,
opportunity, intent, preparation, plan, knowledge,
identity, absence of mistake, or lack of
accident."  Fed. R. Evid. 404(b).  Rule 404(b)
evidence is admissible if it satisfies a four-part
test.  United States v. Montgomery, 150 F.3d 983,
1000 (9th Cir. 1998).  The proponent of the 404(b)
evidence must show that the evidence "(1) proves a
material element of the offense for which the
defendant is now charged, (2) if admitted to prove
intent, is similar to the offense charged, (3) is
based on sufficient evidence, and (4) is not too
remote in time."  [United States v.]
Ramirez–Robles, 386 F.3d [1234,] 1242 [(9th Cir.
2004)].  Rule 404(b) evidence offered to prove
knowledge "need not be similar to the charged act
as long as the prior act was one which would tend
to make the existence of the defendant's knowledge
more probable than it would be without the
evidence."  United States v. Fuchs, 218 F.3d 957,
965 (9th Cir. 2000) (internal quotation marks
omitted).  If the four-part test is satisfied, the
evidence is admissible unless "its probative value
is substantially outweighed by a danger of . . .
unfair prejudice."  Fed. R. Evid. 403; United
States v. Blitz, 151 F.3d 1002, 1008 (9th Cir.
1998) (observing that when evidence "satisfies the
four-part test, the district court should admit
the evidence unless its prejudicial impact
substantially outweighs its probative value"
(internal quotation marks omitted)).

United States v. Hardrick, 766 F.3d 1051, 1055 (9th Cir. 2014)

(some alterations in Hardrick).

## DISCUSSION

## I.   Rule 404(b) Requirements

### A.   Material Element of the Offense

As to Count 1, the Government bears the burden of

proving, beyond a reasonable doubt, that: 1) there was an

agreement between two or more persons to distribute and to

possess with intent to distribute, 50 grams or more of

methamphetamine, its salts, isomers and salts of its isomers; and

2) the Remaining Defendants became a member of the conspiracy

knowing of at least one of its objects and intending to help

accomplish it.  See, e.g., United States v. Suarez, 682 F.3d

1214, 1219 (9th Cir. 2012).  Thus, knowledge and intent are

material elements of Count 1.  Similarly, knowledge and intent

are material elements of Count 5, which charges Dominguez with

possession with intent to distribute approximately 174 pounds of

methamphetamine.  This Court finds that Toilolo's, Fola's, and

Dominguez's prior convictions are probative of those elements.

B.    **Similarity of the Offenses**

Fola and Dominguez each argues that his prior

conviction is not sufficiently similar to the charges in the

instant case to be admissible pursuant to Rule 404(b).

1.    **Fola and Toilolo**

Delanor Fola's prior conviction and Toilolo's prior

conviction were for the same offense, and involved the same drug,

as Count 1 in the instant case.  This Court acknowledges that

their prior convictions involved smaller amounts of

methamphetamine than the amount at issue in this case.  However,

despite that fact, this Court finds that their prior convictions

are sufficiently similar to the charge against them in the

instant case for the prior conviction to be admissible to prove

intent, knowledge, or lack of mistake/accident.

>    **2.   Dominguez**

As noted *supra*, similarity is required when a prior

conviction is offered to prove intent.  Dominguez's prior

conviction was for sale or transportation of marijuana and

possession of marijuana for sale.  The Ninth Circuit has stated

that a "prior conviction of possession for sale of

methamphetamine is very similar to [a] charge of distribution of

methamphetamine."  United States v. Ramirez-Robles, 386 F.3d

1234, 1243 (9th Cir. 2004).  Dominguez's prior conviction

involved a different drug than the drug at issue in the charges

against him in the instant case.  However, the Ninth Circuit has

stated:

> When analyzing the similarity of prior drug crimes
> under Fed. R. Evid. 404(b), **we look to the type of
> activity undertaken, rather than the precise
> identity of the drugs, as the relevant factor**.
> See United States v. Vizcarra–Martinez, 66 F.3d
> 1006, 1015 (9th Cir. 1995).  Indeed, "[w]hen
> offered to prove knowledge, . . . the prior act
> need not be similar to the charged act as long as
> the prior act was one which would tend to make the
> existence of the defendant's knowledge more
> probable than it would be without the evidence."
> United States v. Ramirez–Jiminez, 967 F.2d 1321,
> 1326 (9th Cir. 1992) (citing Fed. R. Evid. 401).

Vo, 413 F.3d at 1018 (alterations in Vo) (emphasis added); see

also United States v. Foster, Criminal No. 13-00219 HG, 2014 WL

6975646, at *6 (D. Hawai`i Dec. 8, 2014) ("The similarity

6

requirement is relaxed when the prior bad acts are offered to prove knowledge."). Thus, the fact that Dominguez's prior conviction involved a different drug than the drug at issue in the instant case does not automatically preclude a finding of similarity.

This Court finds that Dominguez's "prior conviction [is] evidence of his knowledge of drug trafficking and distribution in general," and it "tend[s] to show that [he is] familiar with distribution of illegal drugs and that his actions in this case were not an accident or a mistake." See Vo, 413 F.3d at 1019. This Court therefore finds that Dominguez's prior conviction makes the existence of Dominguez's knowledge, and the lack of his mistake or accident, more probable than they would be without the evidence. Thus, Dominguez's prior conviction is sufficiently similar to the charges against him in the instant case to be admissible to prove knowledge and absence of accident or mistake. However, this Court finds that there is insufficient evidence in the existing record to support a finding of similarity for purposes of proving intent. The Government has failed to carry its burden of proof as to that issue.

C.    **Sufficiency of the Evidence**

For Toilolo's, Fola's, and Dominguez's respective prior convictions, the Government proposes to read the judgment from each case into evidence. This Court finds that the judgments are

7

sufficient evidence of the prior convictions for purposes of Rule
404(b).  See United States v. Arambula-Ruiz, 987 F.2d 599, 603
(9th Cir. 1993) ("the fact that [the defendant] was convicted of
the prior drug offense is sufficient proof that the defendant
committed the prior act").

D.    **Remoteness**

Fola argue that his prior conviction, which was
seventeen years before the trial in the instant case, is too
remote in time to be admissible pursuant to Rule 404(b).  First,
this Court notes that the Ninth Circuit "has not identified a
particular number of years after which past conduct becomes too
remote.  Thus, if the prior act evidence in this case is
sufficiently similar to the charged conduct it may render it
probative despite the passage of time."  Vo, 413 F.3d at 1019
(brackets, citations, and internal quotation marks omitted).
Second, this Court can determine remoteness based on the time
between the date of the prior act and the date of the offense at
issue in the current charge, instead of to the date when the
prior act is offered into evidence.  See, e.g., United States v.
Flores-Blanco, 623 F.3d 912, 919 (9th Cir. 2010) ("The prior
acts, which took place approximately two years **before the present
offenses**, were not too remote in time." (emphasis added)
(citations omitted)).

The conspiracy that was the subject of Fola's prior conviction concluded on February 6, 1997. [United States v. Fola, CR 97-00302 (02) ACK, Judgment in a Criminal Case, filed 2/23/98 (dkt. no. 128), at 1.] In the instant case, Fola's alleged involvement in the conspiracy began as early as January 10, 2007. [Fourth Superseding Indictment at 2.] Thus, there is approximately ten years between the prior offense and the offense at issue in this case. That is not so remote as to render Fola's prior conviction inadmissible pursuant to Rule 404(b). See, e.g., United States v. Johnson, 132 F.3d 1279, 1281, 1283 (9th Cir. 1997) (acts committed "approximately thirteen years earlier" were not too remote); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (act thirteen years before the offense was not too remote); United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (conviction that "over ten years old" was not too remote).

This Court therefore finds that Fola's prior conviction is not so remote in time as to require exclusion pursuant to Rule 404(b). This Court also finds that Toilolo's and Dominguez's prior convictions, which are more recent than Fola's, are not so remote as to require exclusion.

E.    Summary

This Court FINDS that Toilolo's and Fola's prior convictions satisfy all four requirements for admissibility,

9

pursuant to Rule 404(b), to prove intent, knowledge, and lack of accident or mistake.  This Court also FINDS that Dominguez's prior conviction satisfies all four requirements, the extent it is offered to prove knowledge and lack of accident or mistake. However, this Court FINDS that the Government has failed to carry its burden to prove that Dominguez's prior conviction is sufficiently similar to the charges against him in the instant case to be probative of intent.  This Court therefore CONCLUDES that Dominguez's prior conviction is inadmissible as evidence of intent.  This Court DENIES the Government Motion and GRANTS the Dominguez Motion, insofar as the Government is prohibited from using Dominguez's prior conviction to prove intent.

This Court next turns to the question of whether the convictions, even where admissible pursuant to Rule 404(b), should be excluded pursuant to Rule 403.

## II.  Rule 403 Analysis

Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  This Court acknowledges that there is some risk of prejudice to Toilolo, Fola, and Dominguez, as well as some risk of confusion of the issues, associated with the admission of their prior convictions.

10

This Court, however, finds that these risks can be addressed through a limiting jury instruction.

This Court will give the following jury instruction, which Toilolo proposed in his response to the Government Motion:

> Evidence will be introduced that defendant Fouina C. Toilolo was convicted of another crime. I instruct you that this evidence is to be admitted only for the limited purpose of being considered by you on the question of Mr. Toilolo's knowledge, intent and absence of mistake, and for no other purpose. You may not consider this evidence as evidence of guilt for the crime for which he is now on trial.

This Court will give the same instruction regarding Fola's prior conviction and Dominguez's prior conviction, except that the instruction regarding Dominguez's prior conviction will state that the prior conviction may only be considered on the question of his knowledge and absence of mistake. This Court will give the instructions: 1) immediately before the Government presents the evidence of each prior conviction; and 2) during this Court's instructions to the jury after the close of evidence.

This Court finds that, with these limiting instructions, the probative value of the prior convictions outweighs the risks associated with that evidence. The Court therefore CONCLUDES that the prior convictions are admissible for the purposes set forth in this Order.

## CONCLUSION

On the basis of the foregoing, these motions are HEREBY GRANTED IN PART AND DENIED IN PART: the Government's Motion in Limine to Admit Evidence Pursuant to Federal Rule of Evidence 404(b), filed January 14, 2015; and Osvaldo Dominguez's Motion to Exclude Government's Proposed 404(b) Evidence of Defendant Osvaldo Dominguez's Prior Convictions Pursuant to Rule 403, filed January 22, 2015. Specifically, this Court rules as follows:

-The Government may present evidence at trial, subject to limiting instructions, of Defendant Fouina C. Toilolo's and Defendant Delanor Fola's prior convictions identified in the Government Motion. The jury will be allowed to consider the prior conviction as to the issues of that defendant's intent, knowledge, and lack of accident or mistake.

-The Government may present evidence at trial, subject to limiting instructions, of Defendant Osvaldo Dominguez's prior conviction identified in the Government Motion. The jury will be allowed to consider his prior conviction as to the issues of his knowledge and lack of accident or mistake. The jury will not be allowed to consider it as to the issue of his intent.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 9, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. FOUINA C. TOILOLO, ET AL.; CR 11-00506 LEK; ORDER**